1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW H.,

                  Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5967 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. This case is before the Court for the second time. On May 29, 2013, Administrative Law Judge ("ALJ") David Johnson issued a decision finding plaintiff not disabled. *See* AR 19–32. Plaintiff sought review in this Court, and U.S. Magistrate Judge Mary Alice Theiler reversed the ALJ's decision. *See* AR 1046–66. Judge Theiler did not rule in plaintiff's favor on all issues, so plaintiff sought review in the Ninth Circuit. *See* AR 1078. The Ninth Circuit affirmed Judge Theiler's decision.[1] *See* AR 757.

---

[1] The Ninth Circuit's decision is absent from the record, but is available at *Andrew H. v. Berryhill*, 693 F. App'x 602 (9th Cir. 2017). Plaintiff's name is redacted to remain consistent with the Court's practice in social security cases.

1
2
3
4
5

In November 2013, while plaintiff's appeal was pending, he filed new applications for disability benefits. *See* AR 1638–45. ALJ Gary Elliott denied those new claims, issuing a decision in which he found plaintiff not disabled. *See* AR 1375–88. The Appeals Council vacated that decision, however, and remanded plaintiff's claims to the ALJ. *See* AR 1391–93.

6
7
8

On remand, these claims were consolidated, and ALJ Andrew Grace issued new a decision, dated July 27, 2018. *See* AR 757–82. ALJ Grace again found plaintiff not disabled. *See id.* Plaintiff seeks review of this latest decision.[2]

9
10

## I.   ISSUES FOR REVIEW

11     A.     Did the ALJ harmfully err in discounting plaintiff's symptom testimony?

12     B.     Did the ALJ harmfully err in evaluating the medical evidence?

13     C.     Did the ALJ harmfully err in discounting lay witness statements?

14     D.     Did the ALJ harmfully err in assessing plaintiff's residual functional

15 capacity ("RFC") and by basing his step five finding on that RFC?

16
17

## II.   DISCUSSION

18
19
20

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1154, 1159 (9th Cir. 2020). Substantial evidence is "'such relevant evidence

21
22
23
24

[2] In his opening brief, plaintiff states that he filed prior applications, and that ALJ Johnson declined to reopen those applications. *See* Pl. Op. Br. (Dkt. # 18) at 2 n.1. Plaintiff suggests, but does not affirmatively argue, that this decision not to reopen his prior applications was erroneous. *See id.* The Court therefore does not consider the issue. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

25

as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

This requires "more than a mere scintilla," of evidence. *Id.* The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.*

The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

**A.    The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony**

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

1      Plaintiff testified he suffers from low back pain radiating down his left leg, right

2 shoulder range of motion limitations, concentration and memory problems, and

3 depression. *See* AR 48–71, 947–58, 971–82, 1002–13. Plaintiff testified he cannot sit,

4 stand, or walk for more than 15–20 minutes at a time. *See* AR 67–68, 949, 951, 971.

5 Plaintiff testified he cannot lift his right arm above shoulder height, and sometimes has

6 tremors in his right hand due to his shoulder pain. *See* AR 69–71, 948, 975–76. He

7 testified he has difficulty concentrating and remembering things. *See* AR 57, 947, 982,

8 1006, 1010. He testified he has trouble getting along with supervisors, and panics in

9 groups of more than six people. *See* AR 957–58, 982, 1002.

10      Judge Theiler affirmed ALJ Johnson's rejection of plaintiff's 2013 symptom

11 testimony. *See* AR 1062–64. Plaintiff has since testified at three additional hearings.

12 *See* AR 941–1016. Judge Theiler's decision does not preclude plaintiff from challenging

13 ALJ Grace's rejection of this later symptom testimony, although it is relevant to the

14 validity of ALJ Grace's reasoning.

15      The ALJ found plaintiff's medically determinable impairments could cause the

16 symptoms he alleged. *See* AR 765. But the ALJ found plaintiff's statements regarding

17 the severity of his symptoms were not fully consistent with the medical and other

18 evidence in the record. *See* AR 765–66.

19     1.   <u>The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Physical Symptom</u>
<u>Testimony</u>

20

21      The ALJ rejected plaintiff's testimony regarding the severity of his physical

22 symptoms because it was inconsistent with the medical evidence, which showed mostly

23 mild symptoms and conservative treatment, plaintiff appeared to exaggerate his

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

symptoms, and plaintiff's testimony was inconsistent with his activities of daily living. *See* AR 766–67, 769.

The ALJ did not err in rejecting plaintiff's testimony as inconsistent with the medical evidence. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)); *see also Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." (quoting *Johnson*, 60 F.3d at 1434)). ALJ Grace found plaintiff's complaints were inconsistent with the medical records, which showed mostly mild symptoms and conservative treatment. *See* AR 766–67, 69. ALJ Grace's findings largely matched ALJ Johnson's earlier findings, but with more detail. *See* AR 25–26, 766–67.

Judge Theiler affirmed ALJ Johnson's analysis, as did the Ninth Circuit. *See* AR 1063; *Andrew H. v. Berryhill*, 693 F. App'x at 603. Plaintiff has not identified anything in the medical records submitted since ALJ Johnson's decision that would render this continued finding irrational. Plaintiff has thus failed to show ALJ Grace harmfully erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding the party challenging an administrative decision bears the burden of proving harmful error).

Plaintiff has similarly failed to show ALJ Grace harmfully erred in rejecting plaintiff's testimony based on his exaggeration of symptoms and having a disability mindset. ALJ Grace's analysis on this issue was again the same as ALJ Johnson's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1   analysis. *See* AR 25, 766–67. Judge Theiler upheld ALJ Johnson's analysis, and the

2   Ninth Circuit affirmed. *See* AR 1063; *Andrew H. v. Berryhill*, 693 F. App'x at 603.

3   Plaintiff has not identified any evidence in the newer records that undermines this

4   finding, and has thus failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing

5   *Shinseki*, 556 U.S. at 407–09).

6          The Court need not address ALJ Grace's rejection of plaintiff's physical symptom

7   testimony as inconsistent with his general activity level because any error in that

8   analysis was harmless. "[A]n error is harmless so long as there remains substantial

9   evidence supporting the ALJ's decision and the error 'does not negate the validity of the

10  ALJ's ultimate conclusion.'" *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

11  (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

12  Whether plaintiff's general activity level contradicted his testimony, for example, does

13  not invalidate ALJ Grace's conclusion that plaintiff's level of treatment contradicted his

14  testimony. The ALJ therefore did not harmfully err in rejecting plaintiff's physical

15  symptom testimony.

16          2.      The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Mental Symptom
                    Testimony

17
18          The ALJ rejected plaintiff's testimony regarding the severity of his mental

19  symptoms because it was inconsistent with the medical evidence and plaintiff's activities

20  of daily living. *See* AR 767–71.

21          The ALJ did not harmfully err in rejecting plaintiff's mental symptom testimony as

22  inconsistent with the medical evidence. Plaintiff sought at least some level of therapy in

23  2014, and attended therapy on an almost weekly basis from June 2016 through May

24  2018. *See* AR 1280–1309, 1926–30, 1982–2020, 2046–76. The ALJ did not accurately

25

1    portray the extent of plaintiff's treatment in his analysis, suggesting that plaintiff received

2    little to no treatment for much of the alleged disability period. *See* AR 768–69. The ALJ

3    may not reject a plaintiff's testimony based on an inaccurate portrayal of the record. *See*

4    *Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision

5    where his "paraphrasing of record material is not entirely accurate regarding the content

6    or tone of the record").

7          This error was nonetheless harmless because the ALJ reasonably found

8    Plaintiff's symptoms were controlled with medication. "Impairments that can be

9    controlled effectively with medication are not disabling for the purpose of determining

10   [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*,

11   439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ reasonably concluded from medical

12   records that plaintiff's symptoms were stable and controlled when he was taking

13   medications. *See* AR 769–70 1794, 1888, 1899, 1963–64, 2129. Plaintiff fails to show

14   that the ALJ's decision was legally erroneous or based on less than a scintilla of

15   evidence; plaintiff thus fails to show harmful error. *Ford,* 950 F.3d at 1154, 1159.

16         The ALJ similarly did not err in rejecting plaintiff's mental symptom testimony as

17   inconsistent with his activities of daily living. An ALJ may reject a plaintiff's symptom

18   testimony based on his daily activities if they contradict his testimony or "meet the

19   threshold for transferable work skills."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)

20   (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ reasonably noted

21   plaintiff completed an associate's degree, which demonstrated a level of intellectual

22   capacity beyond plaintiff's claims even though it took him twice as long to complete the

23   degree as is typical. *See* AR 767. The ALJ also reasonably noted plaintiff was able to

24

25

travel to Wisconsin and attend garage sales despite claims of overwhelming social anxiety. *See* AR 769–70.

The ALJ's decision to reject plaintiff's mental symptom testimony is not free from error, but plaintiff has failed to show any harmful error. The ALJ gave at least two valid reasons for rejecting plaintiff's mental symptom testimony, and those reasons remain valid despite the ALJ's errors. The ALJ therefore did not harmfully err in rejecting plaintiff's mental symptom testimony. *See Molina*, 674 F.3d at 1115.

**B.     The ALJ Partially Erred in Evaluating the Medical Evidence**

Many of plaintiff's arguments about the medical evidence amount to a mere disagreement with how the ALJ weighed the medical information and opinions from various sources. Disagreement is not the standard of review – legal error, or lack of substantial evidence, would be the only basis upon which this Court may find error.

1.     Judy Miller, ARNP

Ms. Miller completed evaluations of plaintiff in January, June, and July 2010. *See* AR 633–38, 640–46, 648–50. In January 2010, Ms. Miller opined plaintiff could perform light work, and had limitations in his ability to balance, bend, climb, crouch, pull, push, and stoop. *See* AR 635. She noted plaintiff saw himself as disabled, and showed signs of exaggeration. *See* AR 636–37. In June 2010, Ms. Miller opined plaintiff could perform sedentary work, with standing, sitting, and lifting restrictions. *See* AR 640, 644. She opined plaintiff was "overstating and overplaying his symptoms." AR 646. In July 2010, Ms. Miller opined plaintiff had standing, sitting, and lifting restrictions. *See* AR 648. She reported plaintiff's MRI results were not consistent with plaintiff's report of pain or exam

1  findings, as the MRI indicated a much milder disease than his complaints would

2  support. AR 649.

3       ALJ Johnson gave Ms. Miller's opinions some weight. *See* AR 29. He gave

4  significant weight to her assessments that plaintiff was exaggerating his symptoms, but

5  little weight to her opinions regarding plaintiff's functional abilities. *See id.* Judge Theiler

6  upheld ALJ Johnson's evaluation of Ms. Miller's opinions, finding plaintiff failed to

7  articulate any specific limitations ALJ Johnson failed to include in the RFC. *See* AR

8  1058. The Ninth Circuit affirmed. *See Andrew H. v. Berryhill*, 693 F. App'x at 603.

9       ALJ Grace's decision is the same as ALJ Johnson's analysis; ALJ Grace added

10  that Ms. Miller's opinions were too heavily reliant on plaintiff's self-reports. *See* AR 771–

11  72. Plaintiff argues this analysis was not supported by substantial evidence. But plaintiff

12  fails to articulate why the Court should revisit a decision two courts have already upheld.

13  Plaintiff has thus failed to show the ALJ harmfully erred in evaluating Ms. Miller's

14  opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v.*

15  *Sanders*, 556 U.S. 396, 407–09 (2009)) (holding the party challenging an administrative

16  decision bears the burden of proving harmful error).

17       2.   Gary Gaffield, D.O.

18       Dr. Gaffield evaluated plaintiff in May 2011. *See* AR 661–66. He opined plaintiff

19  could lift 20 pounds occasionally and 10 pounds frequently. AR 666. Dr. Gaffield opined

20  plaintiff could perform postural activities occasionally, had no manipulative limitations,

21  and should avoid heights and heavy equipment. *Id.*

22       ALJ Grace gave Dr. Gaffield's opinions significant weight, just as ALJ Johnson

23  had previously done. *See* AR 27, 772.

24

25

1   Plaintiff contends ALJ Grace erred in evaluating the opinions of Dr. Gaffield,

2  stating that ALJ Grace "fails to discuss many of Dr. Gaffield's clinical findings, nor does

3  he acknowledge that many of these findings are consistent with Dr. [Mark] Heilbrunn,

4  Ph. D]'s opinion." Pl. Op. Br. at 5. Plaintiff has asserted neither legal error, nor lack of

5  substantial evidence – thus plaintiff fails to show the ALJ harmfully erred in evaluating

6  Dr. Gaffield's opinions. *Ford,* 950 F.3d at 1154, 1159.

7       3.   <u>Mark Heilbrunn, M.D.</u>

8       Dr. Heilbrunn examined plaintiff in January 2013. *See* AR 718–24. Dr. Heilbrunn

9  opined plaintiff had exertional, postural, and reaching limitations. *See* AR 723–24.

10      ALJ Grace gave Dr. Heilbrunn's opinions limited weight, giving the same reasons

11  as ALJ Johnson had in his decision. *See* AR 29, 772–73. Each of the ALJs found that

12  Dr. Heilbrunn inaccurately characterized MRI results he reviewed – which showed mild

13  findings. Dr. Heilbrunn did not have the benefit of reviewing Ms. Miller's documented

14  concerns about plaintiff's exaggeration of his symptoms; and he relied too heavily on

15  plaintiff's self-reports without the benefit of knowing about plaintiff's school and other

16  activities. *See* AR 29, 773. Judge Theiler upheld the first ALJ's analysis, and the Ninth

17  Circuit affirmed. *See* AR 1050–54; *Andrew H. v. Berryhill*, 693 F. App'x at 603.

18       "Where the evidence is susceptible to more than one rational interpretation, one

19  of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v.*

20  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec.*

21  *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). Although some of Dr. Heilbrunn's findings

22  may support his opinions, that does not establish that the ALJ erred in discounting those

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

1  opinions based on other contradictions in the record. Plaintiff has thus failed to show the

2  ALJ harmfully erred in rejecting Dr. Heilbrunn's opinions.

3          4.    <u>Lawrence Conover, PAC, and Bonnie McReynolds, ARNP</u>

4          Mr. Conover evaluated plaintiff in October 2013. *See* AR 1826–31. ARNP

5  McReynolds evaluated plaintiff in August 2015. *See* AR 1936–38. Both providers opined

6  plaintiff could perform sedentary work. *See* AR 1828, 1938.

7          The ALJ gave these evaluators' opinions significant weight. AR 773. Plaintiff

8  argues the ALJ erred in doing so because he "fail[ed] to acknowledge that these

9  clinicians provided little explanation for their opinions," and incorrectly interpreted the

10  evidence. Pl. Op. Br. at 9.

11          Plaintiff has failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing

12  *Shinseki*, 556 U.S. at 407–09). Plaintiff has not shown the ALJ's determination

13  regarding these two medical providers was based on less than substantial evidence,

14  and points to nothing in the record that would suggest legal error (except for the

15  confusion regarding Dr. Packer's opinion as it relates to Ms. McReynold's opinion, as

16  described in the next section).

17          5.    <u>Brent Packer, M.D.</u>

18          The ALJ erred in his evaluation of Dr. Packer's opinions. There is no explanation

19  of why the ALJ rejected Dr. Packer's less-than-sedentary opinion, other than briefly

20  stating it was not probative because it only relied on Ms. McReynolds's findings. The

21  ALJ accepted Ms. McReynolds's opinions – therefore, an explanation is necessary as to

22  why he was rejecting Dr. Packer's opinions for relying on the same findings as Ms.

23  McReynolds.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

1   Dr. Packer stated he reviewed a medical report from John Rodakowski, M.D.,

2   which appears to have been Ms. McReynolds's report. *See* AR 797–99. Dr. Packer

3   opined plaintiff had back issues that limited him to less than sedentary work, and were

4   of such severity that he met listing 1.04A. *See* AR 797. Dr. Packer's report noted on the

5   following page, however, that plaintiff was able to perform sedentary work. *See* AR 798.

6   The ALJ gave Dr. Packer's opinion that plaintiff was capable of performing

7   sedentary work significant weight yet rejected his opinions that plaintiff could only

8   perform less than sedentary work and met a listing. *See* AR 774. The ALJ rejected Dr.

9   Packer's less-than-sedentary opinion because it was inconsistent with his sedentary

10  opinion. *See* AR 773–74. The ALJ rejected Dr. Packer's listing opinion as insufficiently

11  supported by the evidence. *See* AR 762, 774.  The ALJ also noted Dr. Packer's

12  "evaluation contains little in the way of probative evidence, as he simply reviewed

13  records by [Mr. Conover], whom [plaintiff] saw only the one time in October 2013." AR

14  774.

15  Because this portion of the ALJ's opinion is not supported by substantial

16  evidence, and the error is not harmless, the Court reverses and remands for further

17  proceedings.

18  6.   Alfred Scottolini, M.D., Norman Staley, M.D., and Dennis Koukol, M.D.

19  Dr. Scottolini reviewed records regarding plaintiff's claims in May 2011 as part of

20  the Social Security Administration's ("SSA") initial evaluation of plaintiff's claims. *See*

21  AR 87–99. He opined plaintiff had exertional and postural limitations. *See* AR 96–97.

22  Dr. Staley reviewed records in September 2011 as part of the SSA's reconsideration of

23  plaintiff's claims. *See* AR 115–29. Dr. Staley opined plaintiff had exertional and postural

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

limitations. *See* AR 125–26. Dr. Koukol reviewed records as part of the SSA's

reconsideration of plaintiff's 2013 applications. *See* AR 1354–64. Dr. Koukol's opinions

were similar to those of Dr. Scottolini and Dr. Staley. *See* AR 1360–62.

The ALJ gave these doctors' opinions significant weight. AR 774. Plaintiff argues

the ALJ should have given more weight to the opinions of Ms. Miller and Dr. Heilbrunn.

As explained above, the ALJ did not harmfully err in discounting Ms. Miller's and Dr.

Heilbrunn's opinions, and plaintiff's assertion that the ALJ should have weighed

opinions differently, without analysis as to why the weight given was irrational, does not

establish that the ALJ erred. Plaintiff has thus failed to show harmful error.

7.   Tasmyn Bowes, Psy.D.

Dr. Bowes evaluated plaintiff in November 2009 and September 2010. *See* AR

613–31, 1842–59. Dr. Bowes opined plaintiff had mild or moderate limitations in various

areas of cognitive and social functioning. *See* AR 619, 1847. Among other things, Dr.

Bowes opined plaintiff had moderate limitations in his ability to interact appropriately

with coworkers and supervisors. *Id.* She explained plaintiff "tends to be pessimistic and

have a difficult time maintaining relationships." *Id.*

The ALJ gave significant weight to Dr. Bowes's opinions that plaintiff had mild

limitations in several areas, but little weight to Dr. Bowes's opinion that plaintiff was

moderately limited in his ability to relate appropriately to coworkers and supervisors.

*See* AR 775. The ALJ still included in the RFC a limitation to occasional contact with the

public and coworkers, but did not include any limitations regarding contact with

supervisors. *See* AR 764.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13

The ALJ erred in his rejection of Dr. Bowes's opinion regarding plaintiff's ability to relate to supervisors. The ALJ gave no explanation for why he gave this opinion little weight. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). The decision is reversed and remanded because the ALJ harmfully erred in rejecting Dr. Bowes's opinion regarding plaintiff's ability to relate to supervisors.

8.      Melinda Losee, Ph.D.

Dr. Losee evaluated plaintiff in May 2011. *See* AR 669–73. Dr. Losee opined plaintiff's depression was mild, and his daily functioning was not significantly impaired by it. *See* AR 671. Dr. Losee opined plaintiff could understand, remember, and carry out instructions on a sustained basis, respond appropriately to supervision, coworkers, and the general public, and deal with normal work pressure and changes in routine. *See* AR 672.

The ALJ gave Dr. Losee's opinions significant weight. AR 776. Plaintiff fails to show harmful error; substantial evidence supports this decision plaintiff fails to show the ALJ's interpretation of the evidence was error, even if an alternate interpretation could be supported. *See Thomas*, 278 F.3d at 954 (citing *Morgan*, 169 F.3d at 599).

9.      Keith Krueger, Ph.D.

Dr. Krueger evaluated plaintiff on three occasions. *See* AR 725–29, 1814–25, 1832–41. Dr. Krueger opined plaintiff had marked limitations in his ability to adapt to

1   changes, communicate and perform effectively in a work setting, maintain appropriate

2   behavior in a work setting, maintain a work schedule, and complete a normal work day

3   or week without interruptions from his psychologically based symptoms. *See* AR 728–

4   29, 1816, 1834.

5       The ALJ gave Dr. Krueger's opinions regarding marked limitations very little

6   weight. *See* AR 776–78. The ALJ reasoned these opinions were inconsistent with the

7   medical and other evidence in the record. *See id.*

8       Plaintiff fails to show harmful error. Plaintiff asserts reasons why the ALJ should

9   have accepted Dr. Krueger's opinions, but does not present a substantive argument

10  showing why the ALJ's reasons were based on less than substantial evidence, nor does

11  plaintiff show the reasons were legally erroneous. Plaintiff has thus failed to show the

12  ALJ harmfully erred in weighing Dr. Krueger's opinions. *See Thomas*, 278 F.3d at 954.

13          10.    Kimberly Wheeler, Ph.D.

14      Dr. Wheeler evaluated plaintiff in September 2015. *See* AR 1931–35. She opined

15  plaintiff had marked limitations in his ability to adapt to changes in a routine work

16  setting, communicate and perform effectively in a work setting, and complete a normal

17  work day or week without interruptions from his psychologically based symptoms. AR

18  1933.

19      The ALJ stated he was giving Dr. Wheeler's opinions "great weight." AR 778–79.

20  Yet the ALJ did not account for those opinions in the RFC. The ALJ limited plaintiff to

21  repetitive work with few changes, and occasional contact with the public and coworkers.

22  *See* AR 763–64. At a minimum, that does not account for Dr. Wheeler's opinion that

23  plaintiff is markedly limited in his ability to complete a normal work day or week without

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15

interruptions. This decision must be reversed and remanded, because the ALJ gave no

reasons for failing to account for this opinion in the RFC, and thus harmfully erred. *See*

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding that ALJ's RFC

assessment and step five determination were not supported by substantial evidence

where the ALJ's RFC and hypotheticals to vocational expert failed to include all the

claimant's impairments).

           11.    <u>Jaime Foland, M.D.</u>

           Dr. Foland saw plaintiff for chronic low back pain in February 2014. AR 1894–96.

Although Dr. Foland made several findings, no opinion was given as to any functional

restrictions. *See id.*

           Plaintiff argues the ALJ erred because he "failed to acknowledge that these

findings support [Plaintiff]'s testimony about his symptoms and limitations." Pl. Op. Br. at

15. As discussed above, the ALJ reasonably rejected plaintiff's testimony. *See supra*

Part II.A. Substantial evidence supports the ALJ's decision on plaintiff's testimony, and

the plaintiff has not shown legal error. Plaintiff's factual argument about how Dr.

Foland's findings can be interpreted to potentially support plaintiff's testimony does not

show the ALJ erred in rejecting plaintiff's testimony.

           12.    <u>Brian Palen, M.D.</u>

           Dr. Palen evaluated plaintiff for sleep issues in April 2018. *See* AR 1314–16. He

assessed plaintiff with moderate obstructive sleep apnea and recommended treatment.

*See* AR 1316.

           Plaintiff argues the ALJ erred by finding plaintiff did not have a severe impairment

based on the conclusion he had received no prescribed treatment for it. Pl. Op. Br. at

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 16

15. But an error in failing to find a particular impairment severe is harmless where the ALJ continues his analysis, and includes in the RFC all limitations established by the evidence, whether from severe or non-severe impairments. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Plaintiff has not identified any functional limitations to which Dr. Palen opined that were not included in the RFC; plaintiff has thus failed to show harmful error.

**C.     The ALJ Did Not Harmfully Err in Discounting Lay Witness Statements**

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

1.     <u>Plaintiff's Daughter</u>

Plaintiff's daughter submitted a lay witness statement in 2013.  *See* AR 334–38. She reported plaintiff could not sit for more than about 20 minutes without needing to stand. AR 334. Plaintiff's daughter reported plaintiff had pain in his back and hands, which impacted his ability to sit, stand, walk, and engage in physical activity. *See* AR 335–36. She reported she had not seen plaintiff have problems with family and friends, but he did not like crowds. *See* AR 336. She reported plaintiff did not like change, but

1  she had "never witnessed him responding inappropriately to change." AR 337.

2  ALJ Grace discounted plaintiff's daughter's statements, applying reasoning

3  similar to that of ALJ Johnson. *See* AR 30, 779. Both ALJs found plaintiff's daughter's

4  statements were insufficiently supported by the evidence, inconsistent with the medical

5  evidence, and inconsistent with plaintiff's activity level. *See id.* Judge Theiler upheld ALJ

6  Johnson's analysis, and the Ninth Circuit affirmed. *See* AR 1064–65; *Andrew H. v.*

7  *Berryhill*, 693 F. App'x at 603.

8  Plaintiff has not pointed to any new evidence that would call into question the

9  reasoning of ALJ Johnson's, Judge Theiler's, or the Ninth Circuit's decisions. Plaintiff

10  has thus failed to show harmful error. *Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556

11  U.S. at 407–09).

12  2.  Interviewer D. Benton[3]

13  On November 13, 2013, D. Benton interviewed plaintiff as part of his 2013

14  disability benefits application. *See* AR 1688–90. D. Benton observed plaintiff "was

15  unable to sit for most of [the] interview as his back and shoulder were hurting him. No

16  other limitations [were] observed." *See* AR 1689.

17  The ALJ did not address this observation. *See* AR 779–80. Plaintiff has

18  nonetheless failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*,

19  556 U.S. at 407–09). First, D. Benton's observations do not establish any specific

20  limitations beyond those already included in the RFC. *See* AR 763–64. The ALJ "need

21  not discuss *all* evidence presented to [him]. Rather, [he] must explain why 'significant

22

23  ――――――――――――――――
[3] The record does not include interviewer D. Benton's first name or gender. The Court

24  therefore refers to this individual as "D. Benton."

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 18

probative evidence has been rejected.'" *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393. 1394–95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700. 706 (3d Cir. 1981)).

Second, any error in failing to address D. Benton's observations was harmless. D. Benton's observations do not describe any limitations beyond those plaintiff described. *See* AR 67–71, 948–49, 951, 971, 975–76, 1689. The ALJ reasonably rejected plaintiff's testimony, and those reasons could apply equally to D. Benton's observations. *See supra* Part II.A.1. The ALJ therefore did not harmfully err in failing to address D. Benton's observations. *See Molina*, 674 F.3d at 1122.

**D.    The ALJ Harmfully Erred in Assessing Plaintiff's RFC**

Plaintiff argues the ALJ erred in assessing plaintiff's RFC, and by basing his step five findings on that RFC assessment.  Pl. Op. Br. at 19.  This argument is derivative of plaintiff's other arguments, as it is based on the contention the ALJ failed to properly evaluate plaintiff's symptom testimony, the medical evidence, and the lay witness testimony.  *See id.*  Because the Court has found the ALJ erred in his assessment of the opinions of Dr. Packer, Dr. Bowes, and Dr. Wheeler, plaintiff's argument succeeds. *See Lingenfelter*, 504 F.3d at 1040–41 (holding ALJ's RFC assessment and step five determination were not supported by substantial evidence where the RFC and hypotheticals to vocational expert failed to include all the claimant's impairments).

**E.    Remand with Instructions for Further Proceedings**

Plaintiff asks the Court to remand this matter for further administrative proceedings. Pl. Op. Br. at 19. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo*,

871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court agrees this is the appropriate remedy.

On remand, the ALJ shall reevaluate the opinions of Dr. Packer, Dr. Bowes, and Dr. Wheeler. The ALJ shall reassess plaintiff's RFC, and reevaluate step five of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

III.     CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 17th day of July, 2020.

Theresa L. Fricke
United States Magistrate Judge